AO 245B (Rev 8/96) Sheet 1- Judgment in a Criminal Case

**FILED**

# United States District Court

OCT 11 2001

### Eastern District of Missouri

US DISTRICT COURT
EASTERN DISTRICT OF MO

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v | (For Offenses Committed On or After November 1, 1987) |
| TIMOTHY LATURNO | Case Number: 4:01CR266CAS |
| | N. Scott Rosenblum |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1 and 2 of the indictment on 7-26-2001

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2252A(a)(5)(B) | Possession of child pornography | 3-22-2001 | 1 |
| 18 USC 2252A(a)(1) | Interstate transportation of child pornography | 10-19-2000 | 2 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendants Soc. Sec. No.: 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 | October 11, 2001 |
| Defendant's Date of Birth 10-15-1956 | Date of Imposition of Judgment |
| Defendant's USM No  28262-044 | |
| Defendant's Residence Address: | *[signature]* |
| 4312 A DeTony | Signature of Judicial Officer |
| St. Louis, Missouri 63110 | |
| | CHARLES A. SHAW |
| | UNITED STATES DISTRICT JUDGE |
| Defendant's Mailing Address | Name & Title of Judicial Officer |
| same as above | |
| | October 11, 2001 |
| | Date |

Record No. 197



DEFENDANT: TIMOTHY LATURNO

CASE NUMBER: 4:01CR266CAS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  27 months

This term consists of a term of 27 months on each of counts one and two, both terms to be served concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

1. While in the custody of the Bureau of Prisons, the defendant shall participate in a sex offender treatment and counseling program.

2. That the defendant be placed in a facility as close as possible to the St. Louis metropolitan area.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./pm on _____

☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____

☒ as notified by the United States Marshal

☐ as notified by the Probation or Pretrial Services Office

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U S Marshal

Judgment-Page  3  of  6

DEFENDANT: TIMOTHY LATURNO
CASE NUMBER: 4:01CR266CAS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  3 years

This term consists of a term of 3 years on each of counts one and two, both terms to run concurrently.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: TIMOTHY LATURNO
CASE NUMBER: 4:01CR266CAS

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.

2. The defendant shall comply with all federal, state, and local sex offender registration laws and provide verification of registration to the probation officer.

3. The defendant shall participate in a sex-offense specific treatment program. The defendant shall enter, cooperate, and complete said program until released by the United States Probation Officer. The defendant shall abide by all policies and procedures of the sex-offense specific program. During the course of said treatment, the defendant shall be subject to periodic and random physiological testing which may include but is not limited to polygraph testing and/or other specialized assessment instruments. The defendant shall contribute to the costs of treatment in an amount to be determined by the probation office.

4. The defendant shall be prohibited from contact with children under the age of 18 without the prior written permission of the probation officer and shall report to the probation officer immediately, but in no event later than 24 hours, any unauthorized contact with children under the age of 18.

5. The defendant shall be prohibited from engaging in any occupation, business, or profession where he has access to children under the age of 18 without prior written approval from the probation officer.

6. The defendant shall not loiter within 100 feet of schools, parks, playgrounds, arcades, or other places frequented by children under the age of 18.

7. The defendant shall not possess stimulating or obscene material as deemed inappropriate by the probation officer and/or treatment staff, or patronize any place where such material or entertainment is available.

8. The defendant shall not possess or use a computer or any other device with access to any "on line computer services" at any location (including employment) without the prior written approval of the probation office. In addition, the defendant shall consent to his probation officer or probation service representative conducting periodic unannounced examinations of his computer(s) equipment, which may include retrieval and copying of all data from his computer(s) and any internal and external peripherals to insure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and the defendant shall, at the directions of his probation officer, consent to having installed on his computer(s), at his expense, any hardware or software systems to monitor his computer use.

9. The defendant shall not subscribe to or use any Internet service without written permission of the probation officer.

10. The defendant shall submit his person, residence, office, or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

11. The defendant shall not purchase or maintain a post office box or any other type of private mailbox without written approval of probation officer.

AS 245B (Rev 8196) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page 5 of 6

DEFENDANT: TIMOTHY LATURNO
CASE NUMBER: 4:01CR266CAS

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|         | Assessment | Fine | Restitution |
|---------|-----------|------|-------------|
| count 1 | $100.00   |      |             |
| count 2 | $100.00   |      |             |
|         |           |      |             |
| Totals: | $200.00   |      |             |

☐ If applicable, restitution amount ordered pursuant to plea agreement ............. _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution, payable through the Clerk of Court, to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|-----------------------|-------------------------------|----------------------------------------|
|               |                       |                               |                                        |
| Totals:       |                       |                               |                                        |

* Findings for the total amount of losses are required under Chapters 1 09A, 1 10, 1 1OA, and 11 3A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev 8/96) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page __6__ of __6__

DEFENDANT: TIMOTHY LATURNO

CASE NUMBER: 4:01CR266CAS

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or   the $200.00 special assessment

B ☐ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ , or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ installments of _____ over a period of _____ to commence _____ after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

UNITED STATES DISTRICT COURT EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 10/17/01 by mcrayton
         4:01cr266     USA vs Laturno

COPIES FAXED AND/OR MAILED TO THE PARTIES LISTED BELOW AND THE
UNITED STATES PROBATION OFFICE AND UNITED STATES PRETRIAL SERVICE OFFICE.
IF THIS IS A JUDGMENT IN A CRIMINAL CASE SEND CERTIFIED COPIES TO THE
FOLLOWING:     4 Certified Copies to USM
               2 Certified Copies to USP
               1 Copy to Financial
               1 Copy to O.S.U.

```
Carrie Costantin -                    Fax: 314-539-7695
N. Rosenblum -    4206                Fax: 314-862-8050
Joel Schwartz -   18652               Fax: 314-862-8050
```

SCANNED & FAXED BY:

OCT 1 7 2001

DJO